UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHERYL KELMAR, | Case No. 1:26-cv-00221-CL |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| TIFFANY BERG; ROBERT BERG; TRENTON BERG; BROOKINGS POLICE DEPARTMENT; and DOES 1–10, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Cheryl Kelmar brings this action alleging claims under Oregon state law arising out of a property dispute with her neighbors, Defendants Tiffany, Robert, and Trenton Berg ("the Berg Defendants"). Second Am. Compl. ("SAC") 2-10, ECF No. 15. Plaintiff also alleges claims against the Brookings Police Department for unlawful seizure, selective enforcement, Equal Protection violations, and deliberate indifference. *Id.* at 13-15. Before the Court are Plaintiff's two motions for temporary restraining order ("TRO"). ECF Nos. 25, 30. For the reasons discussed below, Plaintiffs' motions are denied.

## BACKGROUND

Plaintiff owns a home in Brookings, Oregon, and is neighbors with the Berg Defendants. SAC 2, ECF No. 15; Pl.'s Decl. Supp. Mot. TRO 1, ECF No. 26. Plaintiff's claims challenge the Bergs' use of social media and cameras, lights, and speakers around Plaintiff's property. Plaintiff

Page 1 — OPINION AND ORDER

also brings federal claims under the United States Constitution and 42 U.S.C. § 1983 against Defendant Brookings Police Department, challenging Plaintiff's arrest and the police's inaction following Plaintiff's reports of the Bergs' conduct.

Plaintiff moves for a temporary restraining order ("TRO") that would require the Berg Defendants "to reposition or lower their surveillance camera(s) so they are incapable of viewing Plaintiff's private residential spaces." Pl.'s Emergency Mot. TRO 5-6, ECF No. 25. Plaintiff also brings a second motion for TRO "to replace" the first one. Pl.'s Second Emergency Mot. TRO 1, ECF No. 30. Plaintiff's proposed order, if issued by the Court, would require the Bergs to: (1) alter the use of their surveillance system to avoid viewing areas where Plaintiff has a reasonable expectation of privacy; (2) refrain from publishing content online concerning Plaintiff; refrain from contacting, intimidating, threatening, or interfering with laborers who assist Plaintiff with her property; (3) "refrain from directing excessive nighttime lighting onto Plaintiff's property"; and (4) preserve evidence related to Plaintiff's claims. *Id.* at 31-32.

### STANDARDS

The Court must construe the pleadings of self-represented litigants liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

In deciding whether to grant a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council,*

*Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

## DISCUSSION

The Court has reviewed the filings in this case and concludes that Plaintiff has failed to make the showing necessary to support a TRO. Plaintiff has not met her burden of establishing any of the *Winter* elements. Recognizing that Plaintiff is self-represented and reading her SAC liberally, Plaintiff has still not shown that the extraordinary remedy of a TRO is justified.

As a foundational matter, the Court's jurisdiction over this case is dubious at best. Plaintiff asserts federal question jurisdiction under 28 U.S.C. §§ 1331, 1343, and while her federal claims are not at issue in her motions for TRO, the Court notes that Plaintiff's allegations may be insufficient to support a federal claim. Plaintiff also asserts diversity jurisdiction under 28 U.S.C. §1332(a). That statute provides the Court jurisdiction over "civil actions where the

matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. §1332(a)(1). Plaintiff alleges that "the parties are citizens of different states and the amount in controversy exceeds $75,000." SAC 4. However, Plaintiff's sworn affidavit states that she "reside[s] in Brookings, Oregon," and many of her allegations demonstrate that to be the case. Pl.'s Second Mot. TRO 27; *see generally* SAC. Although Plaintiff's residency is not determinative of her domicile and citizenship, her pleadings and the evidence call into substantial doubt this Court's jurisdiction and thus cut against any likelihood of success on, or serious questions going to, the merits. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Winter*, 555 U.S. at 20; *All. for the Wild Rockies*, 632 F.3d at 1131-32.

Plaintiff's ability to state a claim for relief based on these allegations is also dubious. Plaintiff's SAC does not allege which law Defendants violate through the use of their security cameras and lights, the conduct targeted by her motions for TRO. Further, Plaintiff's allegations are largely conclusory and unsupported by sufficient factual details that would allow the Court to infer that Defendants are liable for the misconduct alleged. The Court therefore cannot find a balance of equities or hardships in Plaintiff's favor. Accordingly, Plaintiff has failed to make a "clear showing that [she] is entitled to" the "extraordinary remedy" of a TRO or preliminary injunction. *Winter*, 555 U.S. at 22.

**CONCLUSION**

For the reasons discussed above, Plaintiff's Emergency Motions for a Temporary Restraining Order, ECF Nos. 25, 30, are DENIED.

DATED this 8th day of July 2026.

_____
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 4 — OPINION AND ORDER