Bennett J. Hansen, OSB #090099
Brian S. Driscoll, OSB #042311
Stefan B. Jacobson, OSB #203903
Preg O'Donnell & Gillett, PLLC
222 SW Columbia Street, Suite 650
Portland, OR 97201
Telephone: (503) 224-3650
Attorneys for TIFFANY BERG, ROBERT BERG, TRENTON BERG, BROOKINGS
POLICE DEPARTMENT, DOES 1-10

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHERYL KELMAR<br><br>                    Plaintiff(s),<br><br>    v.<br><br>TIFFANY BERG, ROBERT BERG,<br>TRENTON BERG, BROOKINGS<br>POLICE DEPARTMENT, DOES 1-10<br><br>                    Defendant(s). | NO.  1:26-cv-00221-CL<br><br>DEFENDANTS' RESPONSE TO<br>PLAINTIFF'S MOTION TO SET ADR<br>CONFERENCE AND FOR COURT<br>ASSISTANCE IN SCHEDULING<br>ALTERNATIVE DISPUTE<br>RESOLUTION |

Defendants Tiffany Berg, Robert Berg, and Trenton Berg ("Defendants") respectfully submit this Response to Plaintiff Cheryl Kelmar's Motion to Set ADR Conference and For Court Assistance in Scheduling Alternative Dispute Resolution.

## I.    INTRODUCTION

Defendants respectfully request that this Court deny Plaintiff's Motion to Set ADR Conference and for Court Assistance in Scheduling Alternative Dispute Resolution (ECF [60]) without prejudice as premature. The Court has recently directed that Plaintiff file a

Third Amended Complaint by August 14, 2026, and that the newly named defendant file an Answer or responsive pleading under the normal time allowed by the rules. Further, once an Answer has been filed, the Court will hold a Rule 16 conference to set new case deadlines and discuss how discovery will proceed. Alternative dispute resolution can and should be addressed at that time, when the parties are properly joined, the pleadings are closed or at least settled, and the Court is prepared to enter a comprehensive scheduling order that includes ADR timing along with all other case management deadlines.

FRCP 16 does not authorize a party to unilaterally demand that the Court convene an ADR conference before service is complete, before responsive pleadings are filed, and before the Court has issued a scheduling order. The timing of ADR is a matter within the Court's broad case-management discretion and is properly addressed as part of the Rule 16 scheduling process. Moreover, Plaintiff's supplemental filing in support of early ADR (ECF [68] and [68-1]) compounds the problem by adding yet another motion seeking to accelerate procedural steps before the case is ready.

Defendants respectfully submit that Plaintiff's motion should be denied without prejudice, with ADR scheduling to be addressed at the Rule 16 conference after the Third Amended Complaint is filed, an Answer is filed, and the Court is prepared to enter a comprehensive case management order.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 16(b) requires the district court to issue a scheduling order after receiving the parties' report under Rule 26(f) or after consulting with the parties' attorneys at a scheduling conference. The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions, and it may set dates for pretrial conferences and for trial and include other appropriate matters. A Rule 16(c) pretrial conference, which governs "attendance and matters for

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SET
ADR CONFERENCE AND FOR COURT ASSISTANCE IN
SCHEDULING ALTERNATIVE DISPUTE RESOLUTION - 2

consideration at a pretrial conference", occurs only after these preliminary steps and typically after discovery has commenced.

District courts enjoy broad discretion over docket control, the discovery process, and case scheduling. Alternative dispute resolution is authorized by 28 U.S.C. § 651 and implemented through local rules adopted by each district court. The timing and method of ADR are matters within the Court's scheduling authority under Rule 16(b) and are properly addressed as part of the comprehensive case management process. When service is incomplete or scheduling has not yet begun, motions for pretrial conferences or ADR scheduling are premature.

### III.    ARGUMENT

**A.    Plaintiff's Motion Is Premature In Light of the Courts Recent Order**

The Court's recent order of July 31, 2026 establishes a clear procedural sequence: Plaintiff shall file the Third Amended Complaint by August 14, 2026; the newly named Defendant shall have the normal time under the rules to file an Answer or responsive pleading; and once an Answer has been filed, the Court will hold a Rule 16 conference to set new case deadlines and discuss how discovery will proceed.

Alternative dispute resolution is properly addressed as part of that Rule 16 scheduling process. The scheduling order may include provisions relating to pretrial conferences, trial dates, and other appropriate matters. Rule 16 provides for the scheduling and management of federal cases, including setting a scheduling order that may contain ADR deadlines. During pretrial conferences, a court may address matters relating to settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule. Mediation is one of the tools a court may utilize to address settlement.

Because the Court has not yet issued a scheduling order and the Rule 26(f) meeting and Joint Status Report process has not yet been completed in light of the amended pleading, the Court has not set a Rule 16(b) scheduling conference. A party's unilateral motion for ADR scheduling, filed before the pleadings are settled, before the scheduling conference occurs, and before the Court is prepared to enter a comprehensive case management order, is premature.

Here, the Third Amended Complaint has not yet been filed, the newly named defendant has not yet answered, and the Court has not yet held the Rule 16 conference it specifically ordered for the purpose of setting case deadlines and discussing discovery. Plaintiff's motion seeks to bypass that ordered procedural sequence and ask the Court to schedule ADR in isolation, without the benefit of a completed scheduling process or a comprehensive case management order.

District courts have broad discretion in establishing and enforcing deadlines, and a schedule may be modified only for good cause and with the judge's consent. Plaintiff has identified no good cause for accelerating ADR scheduling ahead of the Court's ordered Rule 16 conference. To the contrary, the Court's order reflects a deliberate decision to address case management comprehensively after the pleadings are settled and an Answer is filed. Granting Plaintiff's motion would circumvent that process and require the Court to make piecemeal scheduling decisions before the case is ready for comprehensive management.

**B.     The District of Oregon's Local Rules Contemplate ADR as Part of the Rule 16 Scheduling Process, Not as a Subject for Premature Unilateral Motions**

The District of Oregon Local Rule 16-4 provides multiple ADR options, including private ADR, judicial settlement conferences, and Court-sponsored mediation. The

assigned judge may order the parties to participate in a judicial settlement conference with or without the consent of the parties, and the assigned judge may, on his or her own motion or upon the motion or request of a party, order any civil case to mediation with a mediator on the Court's list of mediators. Notably, these provisions vest discretion in the assigned judge and contemplate ADR as a case management tool employed by the Court in conjunction with the overall scheduling process, not as a matter to be unilaterally scheduled by a party through a separate motion filed in advance of the Rule 16 conference.

The Rule 16 scheduling order may include dates for pretrial conferences and for trial and other appropriate matters. The Court's broad authority over pretrial proceedings under Rule 16 is tempered by the requirement that scheduling occur in an orderly fashion, with the parties providing input through the Rule 26(f) process and the Court setting comprehensive deadlines that balance the needs of all parties. Plaintiff's motion seeks to leapfrog that process by asking the Court to schedule ADR immediately, even though the Court has not yet issued an updated scheduling order, has not yet scheduled or held the Rule 16 conference it specifically ordered, and has not yet received input from all properly joined parties, including the City of Brookings, which will replace the Brookings Police Department.

Federal law requires each district court to authorize by local rule the use of alternative dispute resolution processes in all civil actions and to require that litigants in all civil cases consider the use of an alternative dispute resolution process at an appropriate stage in the litigation. The statute emphasizes that ADR is to be considered "at an appropriate stage in the litigation." Here, that appropriate stage has not yet arrived: the operative pleading has not been filed, the newly named defendant has not answered,

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SET
ADR CONFERENCE AND FOR COURT ASSISTANCE IN
SCHEDULING ALTERNATIVE DISPUTE RESOLUTION - 5

and the Court has not yet held the scheduling conference it ordered for the purpose of addressing case management.

## IV.    CONCLUSION

Plaintiff's Motion to Set ADR Conference and for Court Assistance in Scheduling Alternative Dispute Resolution is premature and inconsistent with the orderly case management process the Court has established. The Court has ordered that Plaintiff file a Third Amended Complaint by August 14, 2026, that the newly named defendant file an Answer or responsive pleading under the normal time allowed by the rules, and that a Rule 16 conference be held thereafter to set case deadlines and discuss discovery procedures. Alternative dispute resolution timing is properly addressed at that Rule 16 conference as part of a comprehensive scheduling order, not through piecemeal motions filed in advance of the scheduling process.

Federal Rule of Civil Procedure 16 does not authorize parties to unilaterally demand ADR scheduling before the Court has issued a scheduling order or held the Rule 16 conference. District courts have broad discretion over case management, and the timing of ADR is within that discretion. Plaintiff's motion, and the supplemental filing in support of early ADR, exemplify the excessive and premature filings the Court has expressly cautioned against. Granting the motion would circumvent the Court's ordered procedural sequence, encourage further piecemeal motions, and waste judicial resources.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Set ADR Conference and for Court Assistance in Scheduling Alternative Dispute Resolution without prejudice, with ADR timing to be addressed at the Rule 16 conference after an Answer to Plaintiff's Third Amended Complaint is filed.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

1.  Deny Plaintiff's Motion to Set ADR Conference and for Court Assistance in Scheduling Alternative Dispute Resolution (ECF [60]) without prejudice as premature;

2.  Deny Plaintiff's Supplemental Support for Motion to Schedule Early Alternative Dispute Resolution (ECF [68]) without prejudice as premature;

3.  Direct that alternative dispute resolution timing, if appropriate, be addressed at the Rule 16 conference to be held after Plaintiff files the Third Amended Complaint and the newly named defendant files an Answer or responsive pleading; and

4.  Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,


DATED this 3rd day of August, 2026.


_____
Bennett J. Hansen, OSB #090099
Brian S. Driscoll, OSB #042311
Stefan B. Jacobson, OSB #203903