Bennett J. Hansen, OSB #090099
bhansen@pregodonnell.com
Brian S. Driscoll, OSB #042311
bdriscoll@pregodonnell.com
Stefan B. Jacobson, OSB #203903
sjacobson@pregodonnell.com
Preg O'Donnell & Gillett, PLLC
222 SW Columbia Street, Suite 650
Portland, OR 97201
Telephone: (503) 224-3650
Attorneys for TIFFANY BERG, ROBERT BERG, TRENTON BERG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CHERYL KELMAR<br><br>Plaintiff(s),<br>v.<br><br>TIFFANY BERG, ROBERT BERG, TRENTON BERG, BROOKINGS POLICE DEPARTMENT, DOES 1-10<br><br>Defendant(s). | NO. 1:26-cv-00221-CL<br><br>DEFENDANTS' BERGS RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS (ECF NOS. 96 AND 97), OBJECTIONS TO DISCOVERY ORDER (ECF NO. 99), AND MOTION FOR LIMITED STAY PENDING DISTRICT JUDGE REVIEW |

Defendants Tiffany Berg, Robert Berg, and Trenton Berg (collectively, the "Berg Defendants") respectfully submit this Response to Plaintiff Cheryl Kelmar's Objections to the Findings and Recommendations entered at ECF Nos. 96 and 97 and her request for a limited stay. As further outlined below, the Berg Defendants take no position on Plaintiff's objections to ECF 99 pertaining to her motion to compel discovery against defendant Brookings Police Department.

## I. INTRODUCTION

Plaintiff's objections identify no error in the Findings and Recommendation addressing the Berg Defendants' motion to dismiss, rather they restate her objections to the Motion to Dismiss filed by the Bergs. As outlined in the Motion to Dismiss (ECF 38), the relevant question is Plaintiff's domicile when she commenced this action on January 30, 2026. Plaintiff bears the burden of establishing diversity jurisdiction, and residence is not the same as citizenship. Citizenship depends on domicile, which requires both physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 858 (9th Cir. 2001).

The Findings and Recommendation correctly concluded that Plaintiff failed to produce sufficient evidence establishing California domicile on the date she filed this action. It therefore recommends dismissing the state-law claims against the Berg Defendants without prejudice, leaving Plaintiff free to pursue those claims in a court of general jurisdiction.

Plaintiff's objections largely repeat the evidence and arguments previously presented in opposition to the Berg Defendants' motion. Her declaration of subjective intent does not compel a different result when weighed against her objective conduct. Nor does her request to submit additional jurisdictional material identify any error in the Court's existing analysis.

The Court also correctly declined to exercise supplemental jurisdiction. The claims against the Berg Defendants are state-law claims against private individuals, while Plaintiff's federal claims concern alleged conduct by governmental actors. The Findings and Recommendation determined that the two groups of claims are legally and factually distinct, require substantially different witnesses and evidence, and that the state-law

claims would substantially predominate. Plaintiff's conclusory characterization of all claims as "intertwined" does not undermine those findings.

Plaintiff likewise admits that she exceeded the express scope of the Court's order granting leave to amend. ECF No. 96 therefore properly recommends striking the unauthorized Third Amended Complaint and denying Plaintiff's supplemental request for leave. Plaintiff's present request for another, narrower amendment does not establish error in that recommendation.

The Court should overrule Plaintiff's objections, adopt ECF Nos. 96 and 97, grant the Berg Defendants' motion to dismiss, dismiss Claims 1, 2, 3, 8, and 9 without prejudice, and deny Plaintiff's request for a limited stay.

## II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on January 30, 2026. Her original complaint asserted federal-question jurisdiction, and her First Amended Complaint later asserted diversity jurisdiction over the claims against the Berg Defendants.

Plaintiff's operative Second Amended Complaint alleges that she purchased residential property in Brookings, Oregon, in July 2023, transported her belongings to that property, became involved in disputes with the neighboring Berg Defendants, and appeared before local governmental bodies concerning an outdoor-lighting ordinance. The claims against the Berg Defendants are state-law tort claims, including claims for defamation, tortious interference, private nuisance, trespass, and negligence.

The Berg Defendants moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss those claims for lack of subject-matter jurisdiction. Their motion relied in part on Plaintiff's sworn statement that she resides in Brookings, Oregon, together with her Oregon property ownership, local investment, and persistent presence in Oregon.

Plaintiff opposed dismissal by asserting that California remained her domicile. Among other things, she characterized the work performed on her Brookings property as maintenance intended to protect an investment rather than evidence of an intent to remain in Oregon. She also contended that the claims against the Berg Defendants and the governmental defendants were sufficiently connected to support supplemental jurisdiction.

After considering the parties' submissions, the Court found that Plaintiff had not produced sufficient evidence to establish diversity of citizenship. The Court recommended that the claims against the Berg Defendants be dismissed without prejudice and denied Plaintiff's request for jurisdictional discovery. The Court separately determined that the state-law claims against the Berg Defendants would substantially predominate over Plaintiff's federal claims, share little evidentiary overlap with those claims, and should not remain in federal court at this early procedural stage.

Plaintiff now objects, again relying on a California driver's license, a California lease, automobile-insurance records, voter-registration information, financial records, her declaration of intent, a police report, and social-media material. She requests that the Court reject dismissal or permit further jurisdictional submissions.

Plaintiff also objects to ECF No. 96. The Court previously authorized a Third Amended Complaint only to the extent Plaintiff intended to substitute the City of Brookings for the Brookings Police Department. Plaintiff filed a broader amendment outside that authorization. ECF No. 96 accordingly recommends granting Defendants' motion to strike, striking the Third Amended Complaint, and denying Plaintiff's supplemental motion for leave to amend.

## III. LEGAL STANDARD

When a party objects to specified portions of a magistrate judge's proposed findings and recommendations, the district judge makes a de novo determination of those portions. The district judge may accept, reject, or modify the recommendations, receive further evidence, or recommit the matter to the magistrate judge with instructions. 28 USCS § 636.

The party asserting diversity jurisdiction bears the burden of proof. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). For a natural person, state citizenship is determined by domicile rather than residence. Domicile is the person's permanent home, where the person resides with the intention to remain or to which the person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

Domicile is evaluated through objective factors, including current residence, voting practices, the location of property and financial accounts, family connections, organizational memberships, employment or business activities, driver's licensing, vehicle registration, and tax payments. No single factor controls. *Lew v. Moss*, 797 F.2d 747, 750-51 (9th Cir. 1986). Once established, an existing domicile continues until the person acquires a new one. *Pentz v. Kimco Realty Corp*., 2011 U.S. Dist. LEXIS 164381, 5 (C.D. Cal. 2011).

Federal supplemental jurisdiction reaches claims so related to claims within the Court's original jurisdiction that they form part of the same Article III case or controversy. 28 USCS § 1367. Plaintiff's federal claims arise under federal law and fall within the Court's original federal-question jurisdiction. 28 USCS § 1331. Section 1983 applies to persons who, under color of state law, cause the deprivation of rights secured by the Constitution or federal law. 42 USCS § 1983.

## IV. ARGUMENT

**A. <u>Plaintiff Has Not Established Diversity Jurisdiction Over the Claims Against the Berg Defendants.</u>**

Plaintiff's objections do not identify a legal error in the domicile analysis. She agrees that citizenship turns on domicile, that domicile is determined as of January 30, 2026, and that the inquiry considers the totality of objective circumstances. Her disagreement concerns the weight assigned to the evidence, not the governing framework.

Plaintiff bears the burden of establishing diversity jurisdiction. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). Her objections therefore cannot succeed merely by identifying evidence consistent with California ties. She must establish that California was her domicile when this action commenced.

The evidence identified in Plaintiff's objections does not compel that conclusion. Plaintiff owned a home in Brookings, transported her belongings there, described herself under oath as residing there, undertook improvements to the property, participated in local governmental proceedings, and alleges continuing disputes arising from her use and enjoyment of that property. Those facts are relevant objective circumstances, even if Plaintiff offers alternative explanations for them.

Plaintiff emphasizes her declaration that she always intended California to remain her permanent home. But domicile does not turn on a party's assertion of intent in isolation. It may be established through objective factors, and statements of intent receive little weight when they conflict with objective facts. *Motu Novu, LLC v. Percival*, 2018 U.S. Dist. LEXIS 198681, 10 (N.D. Cal. 2018). The Court therefore properly considered Plaintiff's declaration together with her conduct and connections to Oregon.

Plaintiff's objections also conflate evidence of continuing California connections with proof of California domicile on the filing date. A California driver's license, lease,

insurance records, and voter registration may be relevant, but none is independently dispositive. The governing inquiry considers multiple factors, with no single factor controlling. Lew v. Moss at 751.

Moreover, residence alone does not establish citizenship. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Thus, evidence that Plaintiff leased or occupied premises in California does not, without more, require a finding that California was her domicile when this action began. The Findings and Recommendation considered Plaintiff's contention that California remained her permanent home and nevertheless found her showing insufficient.

Plaintiff's request to provide additional jurisdictional clarification does not identify what was legally deficient in the Court's review of the evidence already submitted. She had the opportunity to oppose the motion and presented evidence and argument concerning her domicile. Her objections now list substantially the same categories of evidence. A request to supplement the presentation is not a basis to reject the Court's conclusion that the existing record failed to satisfy Plaintiff's burden.

The Court should therefore adopt the recommendation that diversity jurisdiction is absent and dismiss the claims against the Berg Defendants without prejudice.

**B. <u>The Court Should Adopt the Recommendation Declining Supplemental Jurisdiction.</u>**

Plaintiff alternatively argues that the Court should retain the claims against the Berg Defendants because those claims are intertwined with her federal claims against governmental defendants. That characterization does not address the Findings and Recommendation's actual analysis.

The Berg Defendants are private individuals sued on state-law theories. The Findings and Recommendation determined that none of the claims against them presents

a federal question, while Plaintiff's federal claims concern alleged constitutional violations by state actors. Although supplemental jurisdiction may extend to additional claims forming part of the same Article III case or controversy, that statutory authority does not establish that every claim involving the same plaintiff or general course of conflict must proceed together. 28 USCS § 1367.

The Court found that the state-law claims against the Berg Defendants are legally and factually distinct from the Section 1983 claims, that the two groups of claims share little overlap in witnesses and evidence, and that adjudication of the state-law claims would substantially predominate. Plaintiff's objections do not meaningfully challenge those findings. Instead, she repeats that the claims are "intertwined" and refers generally to communications, police reports, dispatch records, body-camera recordings, and investigative materials.

Those references do not demonstrate that the elements, proof, or operative conduct underlying the Berg Defendants' alleged defamation, interference, nuisance, trespass, and negligence are materially the same as the proof required for Plaintiff's constitutional claims against governmental actors. Plaintiff's own allegations describe direct property and neighborhood disputes with the Berg Defendants, including lighting, trees, cameras, and alleged statements. The Court reasonably concluded that those disputes would require evidence substantially different from evidence concerning whether governmental actors deprived Plaintiff of federal rights.

The early posture of this action further supports the recommendation. The Court has not expended the resources associated with adjudicating the merits of Plaintiff's state-law claims, and dismissal is without prejudice. Plaintiff therefore retains the ability to pursue those claims in a court of general jurisdiction, as she expressly asks the Court to preserve.

The Court should adopt the recommendation declining supplemental jurisdiction.

## C. Plaintiff's Objections Provide No Basis to Reject ECF No. 96.

Plaintiff acknowledges that her Third Amended Complaint exceeded the scope of the Court's prior authorization. ECF No. 69 allowed amendment only to substitute the City of Brookings for the Brookings Police Department, but Plaintiff filed a broader amended pleading. In responding to the motion to strike, Plaintiff admitted that she exceeded the authorized scope and asked for new leave to amend or, alternatively, for only portions of her pleading to be stricken.

ECF No. 96 addressed that request and found Plaintiff's explanation for disregarding the express limitation unpersuasive. It recommends striking the unauthorized complaint and denying the supplemental request for leave at that time. Plaintiff's objections do not dispute the underlying violation. Instead, she asks the District Judge to permit a narrower amendment identifying Doe defendants.

That request does not show that ECF No. 96 was erroneous. It seeks new relief after Plaintiff filed a pleading beyond the leave granted. Plaintiff also recognizes that the ruling does not prevent her from properly seeking leave to amend. The availability of a procedurally proper future request supplies no reason to preserve an unauthorized pleading or reject the pending recommendation.

The Court should adopt ECF No. 96, grant the motion to strike, strike the Third Amended Complaint, and deny Plaintiff's supplemental motion for leave.

## D. The Requested Limited Stay Should Be Denied.

Plaintiff requests that the Court defer adoption or implementation of the Findings and Recommendations until resolution of her request for disqualification, while allowing selected discovery and other proceedings to continue. Her request does not identify any substantive defect in ECF Nos. 96 or 97. It instead seeks to delay resolution of

recommendations that have been fully briefed while permitting proceedings Plaintiff wishes to continue.

The proposed stay is also unnecessary to preserve Plaintiff's state-law claims. ECF No. 97 recommends dismissal without prejudice and expressly recognizes that Plaintiff may pursue those claims in a court of general jurisdiction. Plaintiff's requested stay should therefore be denied.

### E. <u>The Berg Defendants Take No Position on Plaintiff's Discovery Objections Concerning the Police Defendant.</u>

Plaintiff's objections to ECF No. 99 concern her motion to compel discovery from the Brookings Police Department and approximately 35 assertedly outstanding items. Those discovery issues do not concern the Berg Defendants. Indeed, Plaintiff represents that she does not seek extensive additional discovery from the Berg Defendants and is prepared to proceed based on the evidence already collected.

The Berg Defendants therefore take no position on the merits of Plaintiff's objections to the police-related discovery ruling, except that those objections provide no basis to delay adoption of ECF Nos. 96 and 97 or dismissal of the claims against the Berg Defendants.

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Defendants Tiffany Berg, Robert Berg, and Trenton Berg respectfully request that the Court:

1. Overrule Plaintiff's objections concerning ECF Nos. 96 and 97;
2. Adopt the Findings and Recommendation at ECF No. 96;
3. Grant Defendants' Joint Motion to Strike Plaintiff's Third Amended Complaint, strike the Third Amended Complaint, and deny Plaintiff's Supplemental Motion for Leave to File an Amended Complaint;

4. Adopt the Findings and Recommendation at ECF No. 97;
5. Grant the Berg Defendants' Motion to Dismiss at ECF No. 38 and dismiss Claims 1, 2, 3, 8, and 9 against Tiffany Berg, Robert Berg, and Trenton Berg without prejudice; and
6. Deny Plaintiff's request for a limited stay.

DATED this 11th day of November, 2026.

Bennett J. Hansen, OSB #090099
Brian S. Driscoll, OSB #042311
Stefan B. Jacobson, OSB #203903